UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF OHIO BRICKLAYERS HEALTH AND WELFARE FUND, et al., | ) CASE NO. 5:20-cv-368 ) ) JUDGE SARA LIOI |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| MASONRY CONTRACTING CORPORATION, et al., | ) **MEMORANDUM OPINION** ) **AND ORDER** ) ) |
| Defendants. | ) ) ) |

Before the Court is plaintiffs' motion for an award of attorneys' fees, expenses, and costs. (Doc. No. 42.) Although the motion was filed on April 7, 2022 and served upon both defendants by electronic service on that same day, neither defendant (both of whom are represented by counsel) has filed any opposition or other response to the motion and the time to do so has expired. Therefore, the Court considers the motion unopposed. For the reasons set forth herein, plaintiffs' motion is granted.

**I.     Background**

On February 19, 2020, plaintiffs — Trustees of Ohio Bricklayers Health and Welfare Fund, Trustees of Ohio Bricklayers Pension Fund, Trustees of Ohio Bricklayers Apprenticeship, Education, and Training Program, and Trustees of Bricklayers and Allied Craftworkers Local No. 7 Pension Fund ("the Funds"), and Bricklayers and Allied Craftworkers Local Union No. 7, Bricklayers and Allied Craftworkers Local Union No. 16, and Bricklayers and Allied Craftworkers Local Union No. 40 ("the Unions") — filed a complaint against Masonry Contracting Corporation

("MCC") and Matthew J. Birch ("Birch") alleging claims for violation of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1109, 1132(a)(3), (e), (f), and (g), and 1145. (*See* Doc. No. 1, Complaint.) Count I alleged that MCC breached its obligation to make contributions and deductions pursuant to collective bargaining agreements ("CBA") and Fund documents, incurring liability for delinquent contributions, deductions, liquidated damages, interest, audit fees, attorneys' fees and costs. Counts II and III alleged that Birch breached his fiduciary duties and engaged in prohibited transactions.

On September 14, 2021, the Court granted plaintiffs' motion for summary judgment on the issue of liability. (*See* Doc. No. 33, Memorandum Opinion and Order.) The Court further concluded that plaintiffs had shown that "MCC is liable not only for [delinquent] contributions, but also for liquidated damages, interest through December 7, 2020, audit fees, and attorney fees and costs." (*Id*. at 13.[1]) The Court also concluded that "plaintiffs are entitled to summary judgment against Birch individually[]" (*id*. at 12), and granted judgment to plaintiffs "as to defendants' joint and several liability for delinquent contributions, plus interest, liquidated damages, and audit fees, in addition to reasonable attorneys' fees and costs." (*Id*. at 15.)

On March 31, 2022, the Court granted plaintiffs' separate motion for summary judgment on damages and entered judgment against MCC and Birch. (*See* Doc. No. 40, Memorandum Opinion; Doc. No. 41, Judgment Entry.) The Court reiterated that "plaintiffs are entitled to recover liquidated damages, interest, audit fees, and attorneys' fees and costs against the defendants on a joint and several basis[.]" (Doc. No. 40 at 2 (citation omitted).) The judgment entry granted

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court.

attorneys' fees, costs, and audit fees "in an amount to be determined based on an application submitted to this Court within fourteen (14) days of this Judgment Entry." (Doc. No. 41 at 2).

On April 7, 2022, plaintiffs timely submitted the instant motion, which, as already noted, is unopposed.

## II. Discussion

Under ERISA, where a fiduciary successfully brings an action on behalf of a plan to collect delinquent contributions under § 1145, reasonable attorney's fees and costs of the action must be awarded to the plan. 29 U.S.C. § 1132(g)(2)(D); *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996) ("the award of reasonable attorney fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan[]").

### A. Attorney's Fees

Fee awards in ERISA cases are determined by the "lodestar approach," which is "the proven number of hours reasonably expended on the case by an attorney, multiplied by [the] court-ascertained reasonable hourly rate." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO-CLC v. Kelsey-Hayes Co.*, 750 F.3d 546, 560 (6th Cir. 2014) (citation omitted). There is a "strong presumption that the lodestar figure — the product of reasonable hours times a reasonable rate — represents a 'reasonable' fee[.]" *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1987); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010) ("the lodestar method yields a fee that is presumptively sufficient to achieve [the] objective[s]" of attracting competent counsel, while not producing a windfall to attorneys).

> The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

> When determining the number of reasonable hours, itemized billing records are sufficient when the record entries specify the date; the individual recording the time; the hours billed; the specific task completed; and the identity of the client. [*Bds. of Trs. of Ohio Laborers' Fringe Benefits Programs v.*] *LA Williams Constr.*, [No. 2:16-cv-304,] 2017 WL 2858277, at *4 [(S.D. Ohio July 5, 2017)] (citing *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008)). Moreover, explicitly detailed descriptions for each entry are not required. *Id.* (citing *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005)); *Hensley*, 461 U.S. at 437 n.12 (Plaintiffs' counsel is not "required to record in great detail how each minute of his time was expended" but "should identify the general subject matter of his time expenditures.").

*Loc. Union No. 5 Trs. of Bricklayers & Masons', Ohio Pension Fund v. Masonry Contracting Corp.*, No. 1:19-cv-1273, 2021 WL 243187, at *11 (N.D. Ohio Jan. 25, 2021). A reasonable hourly rate is "'the market rate in the venue sufficient to encourage competent representation.'" *Livingston v. Cavalry Portfolio Servs., LLC*, 1:09-cv-384, 2009 WL 4724268, at *2 (N.D. Ohio Dec. 2, 2009) (quoting *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007)).

Here, plaintiffs were represented by two attorneys, each of whom has submitted a resume containing relevant credentials establishing their extensive experience in the field of labor law. (*See* Doc. No. 42-6, Joyce Goldstein Resume; Doc. No. 42-7, Richard L. Stoper, Jr. Resume.) Each attorney billed at an hourly rate of $235 between February 2020 and August 2021, and at a rate of $250 per hour beginning in September 2021. (Doc. No. 42-5, Goldstein Declaration ¶ 13.) These rates are below market rates in this locale. (*See* Doc. No. 42 at 9–10 (collecting illustrative cases).)

4

In addition, counsel indicates that these are the "discounted rates that were paid by the plaintiffs" for which plaintiffs seek reimbursement. (*Id*. at 9.) Itemized billing records reflecting the work performed on behalf of plaintiffs, and billed to them, were also supplied with the instant motion. (*See* Doc. No. 42-8.) Between them, the attorneys performed 259 hours of service, for a total fee of $61,720.00. (*Id*. at 11.) Plaintiffs' attorneys were required to engage in a significant amount of work that might otherwise have been avoided had defendants been more cooperative throughout the course of these proceedings and had they not raised an assertion that damages in this case were precluded by defendants' liability in another case involving different plaintiff funds.

In light of the above, the Court determines that both the number of hours and the billing rates of the attorneys are reasonable. Plaintiffs are, therefore, entitled to a judgment for attorneys' fees in their favor against defendants, jointly and severally, in the amount of $61,720.00.

### B. Costs and Audit Fees

This Court has already determined that defendants are liable for costs in this action. All relevant costs are itemized in Exhibit 3 to the motion. (*See* Doc. No. 42-8 at 11.) These consist of the case filing fee ($400.00), photocopies for service of process ($65.70), postage for service of process ($42.40), court reporter costs ($687.25), courthouse parking ($6.00), and UPS charges ($11.22), for a total of $1,212.57 in costs.

Audit costs are also routinely awarded in ERISA cases (*see* Doc. No. 42 at 10–11 (collecting illustrative cases)), and this Court has already ruled that plaintiffs are entitled to recover such costs — pointing, in particular, to language in the Fund documents that requires delinquent employers to "pay the full cost of [any] audit" performed to ascertain whether the employer is paying all that is owed to the Funds. (*See* Doc. No. 33 at 13.) Audit fees are based on the hours of

5

work performed by the auditors, their hourly rates, and their credentials. Courts have approved hourly rates between $65 and $185. (*Id.* at 11 (collecting illustrative cases).)

Here, plaintiffs have submitted the declaration of their auditor, Damien Strohmier, who sets forth his credentials and a summary of his work. (*See* Doc. No. 42-1.) An itemized detail of all work performed by the staff of Blue & Co. is attached to the declaration. Although these reports reflect the auditor's regular rate, Strohmier represents that the plaintiffs were billed at a discounted rate. (*Id.* ¶ 6.) The cost of audit services at the regular rate (*i.e.*, between $145/hour and $425/hour) would have been $39,074.50, but plaintiffs were billed only $14,400.00 (*i.e.*, at rates between $54/hour and $157/hour). They seek reimbursement of that lower amount.

Plaintiffs are entitled to recover from defendants, jointly and severally, costs in the amount of $1,212.57 and audit fees in the amount of $14,400.00.

### III. Conclusion

For the reasons set forth herein, defendants Masonry Contracting Corporation and Matthew J. Birch, jointly and severally, are liable to the plaintiff Funds and Unions for attorneys' fees in the amount of $61,720.00, litigation costs in the amount of $1,212.57, and audit fees in the amount of $14,400.00, for a total liability of $77,332.57. A separate judgment entry will issue.

**IT IS SO ORDERED**.

Dated: May 25, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**